

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2008

# Foskey v. Rendell

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4200

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Foskey v. Rendell" (2008). *2008 Decisions.* Paper 1739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-95                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4200

MANIE LEIGH FOSKEY, III,
                                        Appellant

v.

EDWARD G. RENDELL, et al.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-1087)
District Judge:  Honorable Arthur J. Schwab

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 4, 2008

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed January 15, 2008 )

OPINION

PER CURIAM

Manie Leigh Foskey, III, a prisoner incarcerated at SCI-Fayette, filed this pro se

action in the Western District of Pennsylvania against Governor Edward G. Rendell and

Pennsylvania's Attorney General Thomas W. Corbett, challenging the legality of

Pennsylvania's criminal code and alleging violations of his civil rights under 42 U.S.C. §§ 1985(3), 1986 and 1994. After filing his complaint, Foskey filed a motion for a temporary restraining order. The Magistrate Judge recommended denying Foskey's motion and dismissing the complaint under 28 U.S.C. § 1915(e)(2)(B). The District Court dismissed the complaint, and Foskey timely appealed.

Foskey alleges that he is a "peon" in custody at SCI-Fayette and that defendants continue to enforce penal laws that are unauthorized by the United States Constitution. We agree with the District Court that, to the extent Foskey is challenging the criminal laws of the state of Pennsylvania, he is challenging the legality of his conviction, and such an attack may be brought only through a petition for a writ of habeas corpus. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Foskey asserts violations of 42 U.S.C. §§ 1985(3), 1986 and 1994 related to his incarceration in the state correctional system. Section 1985(3) prohibits conspiracies to deprive a "person or any class of persons equal protection of the laws, or of equal privileges and immunities under the law . . . ." 42 U.S.C. §1985(3). Foskey's complaint fails to state a claim for relief under this provision because it fails to allege discrimination against a "'specific, identifiable class of persons.'" Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Aulson v. Blanchard, 83 F.3d 1, 5 (1st Cir. 1996)). Section 1986 imposes civil liability on persons who have knowledge that violations of section 1985 "are about to be committed," have the "power to prevent or aid in preventing commission of the same," and refuse to do so. 42 U.S.C. §1986. Having failed to allege

any violation of § 1985(3), the complaint cannot state a claim under § 1986.  Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) (section 1986 claim derives from section 1985 claim).

Section 1994 prohibits peonage, or a system of involuntary servitude outlawed by the Thirteenth Amendment.  Foskey does not allege that he has been coerced to work in violation of the Thirteenth Amendment, and thus, the complaint fails to state a claim under § 1994.  United States v. Kozminski, 487 U.S. 931, 943 (1988) (Thirteenth Amendment outlaws peonage, or "coercion by threat of legal sanction to work off a debt to a master") (citing Clyatt v. United States, 197 U.S. 207 (1905)).

For the foregoing reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1]In reviewing this matter, we have considered Foskey's brief filed on November 7, 2007.